UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CARMEN LOJA,

Plaintiff,

-v-

GRACE NAILS SPA INC., et al.,

Defendants.

CIVIL ACTION NO. 25 Civ. 8828 (SLC)

**ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

On August 21, 2026, the Court granted the motion to withdraw as counsel (Dkt. No. 33 (the "MTW")) filed by Hang & Associates, PLLC (the "Firm"), prior counsel for Defendants Grace Nails Spa Inc. (the "Nail Salon") and Grace Alexandra Tenemaza Fila ("Ms. Fila") (together, "Defendants"). (Dkt. No. 34 (the "Aug. 21 Order")). In the Aug. 21 Order, given that the Nail Salon is a corporation and must appear through counsel,[1] the Court directed new counsel for the Nail Salon to file a Notice of Appearance (the "NoA") by September 21, 2026 and warned the Nail Salon that if new counsel does not timely appear on behalf of it, the Court may permit Plaintiff Carmen Loja ("Plaintiff") to initiate default proceedings against it. (Dkt. No. 34). The Court also directed Ms. Fila to file a letter (the "Letter") by September 21, 2026 updating the Court on whether new counsel is representing her going forward, or whether she intends to proceed pro se. (Dkt. No. 34). On September 22, 2026, new counsel for the Nail Salon having not filed the NoA, and Ms. Fila having not filed the Letter, the Court sua sponte extended Defendants'

[1] See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 202–03 (1993) (noting that courts do not allow corporations to appear in court without a licensed attorney) (collecting cases); Kenyatta v. City of New York, No. 25 Civ. 2868 (KMW), 2025 WL 1984391, at *2 (S.D.N.Y. July 16, 2025) (same).

deadlines to October 13, 2026, again warning the Nail Salon that if counsel does not timely appear on behalf of it, the Court may permit Plaintiff to initiate default proceedings against it. (Dkt. No. 35). To date, new counsel for the Nail Salon has not filed the NoA, and Ms. Fila has not filed the Letter.

As for Ms. Fila, the Court construes her failure to file the Letter as her intention to proceed pro se. Accordingly, the Court deems Ms. Fila as proceeding pro se.

As for the Nail Salon, however, the Court has warned the Nail Salon twice that if counsel does not timely appear on behalf of it, the Court may permit Plaintiff to initiate default proceedings against it. (Dkt. Nos. 34–35). On September 24, 2026, the Clerk of Court mailed a copy of the Court's Order at Dkt. No. 35 containing that warning to the Nail Salon. (Dkt. entry dated Sept. 24, 2026). Further, before the Court granted the MTW, the Nail Salon affirmed that it understood that it "cannot proceed pro se in federal court and must appear through licensed counsel." (Dkt. No. 33-1). Given that the Nail Salon understood that it must appear through licensed counsel in this action, and that it had notice of the consequences of failure to do so, Plaintiff is hereby **ORDERED** to request a Certificate of Default against the Nail Salon from the Clerk of Court by **October 28, 2026**, and to file a Motion for Default Judgment against the Nail Salon in accordance with the undersigned's Individual Practices in Civil Cases, Rule 55 of the Federal Rules of Civil Procedure, and S.D.N.Y. Local Rule 55 by **November 11, 2026.**

The Clerk of Court is respectfully directed to:

1. Add Defendant Grace Alexander Tenemaza Fila's address to the docket, given that she is now proceeding pro se: 35-40 101st Street, Flushing, NY 11368.

2. Mail a copy of this Order to Defendant Grace Alexander Tenemaza Fila at 35-40 101st Street, Flushing, NY 11368.

3. Mail a copy of this Order to Defendant Grace Nails Spa Inc. at 18 East 125th Street, New York, NY 10035.

Dated: New York, New York
October 14, 2026

SO ORDERED.

**SARAH L. CAVE**
**United States Magistrate Judge**